# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1998 SESSION

FILED

February 24, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9709-CR-00401 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. CHERYL BLACKBURN, |
| ROSS C. AUSTIN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sexual Battery) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**LIONEL R. BARRETT, JR.**
Washington Square Two, Suite 418
222 Second Ave., North
Nashville, TN 37201

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**SHARON BROX**
Asst. District Attorney General
Washington Square, Suite 500
222 Second Ave., North
Nashville, TN 37201-1649


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

On February 24, 1997, the defendant was found guilty by a jury of sexual battery. The defendant was subsequently sentenced as a Range II multiple offender to four years to be served in the Tennessee Department of Correction. The defendant's motion for a new trial was denied by the trial court. The defendant now appeals and contends that the evidence was insufficient to support his conviction and that his sentence is excessive. After a review of the record and the applicable law, we affirm the judgment of the court below.

The defendant was convicted of sexual battery based on his involvement with a sixteen-year-old employee. The defendant owned and operated a barber shop. On or about June 3, 1995, the defendant, while passing out flyers, approached the victim and offered her a job. The victim accepted the offer and on Monday, June 5, went to the defendant's barber shop to begin her new job. According to the victim, upon arrival she noticed slow music playing in the background. The defendant then showed the victim his computer and the handwritten pages to be typed. As the defendant was deciphering his handwriting for the victim, he began to rub her leg. The victim told the defendant she would work for him, but she did not want him to touch her. At this point, someone knocked on the door and, after talking to the person for a moment, the defendant shut and locked the door. The defendant then walked back to the victim and began to touch her breasts. The victim jumped up, told the defendant she was leaving, unlocked the door, and ran home. The victim notified the police and they set up a recorded phone call to the defendant. During the course of the phone call, the victim asked the defendant why he had touched her breasts. The defendant answered, "[C]ause they look good to me baby."

2

The defendant contends that the evidence was insufficient to support a conviction for sexual battery. The defendant argues that there was not enough evidence to prove the elements of force or coercion beyond a reasonable doubt.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The defendant contends that there was no evidence of force or coercion and, as this is an essential element of sexual battery, his conviction should be set aside and the cause remanded back to the trial court for the entry of an order of guilt as to the lesser included offense of simple assault. See T.C.A. §39-13-505(a) (1991); §39-13-503(a)(1) (1991). However, there is evidence indicating that the defendant continued to

3

touch the victim after she asked him to stop. He subsequently locked the door of the barber shop, walked up behind the victim, and squeezed her breasts "real hard." The defendant was also much larger and taller than the victim. In light of the foregoing, a rational trier of fact could have found the elements of force or coercion beyond a reasonable doubt. As such, this contention is without merit.

The defendant next contends that the trial court erroneously applied enhancement factor fifteen and that, due to this error, his sentence should be reduced from four to three years. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. §40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. §40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989 established a number of procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

In addition, this section provides that the minimum sentence within the

range is the presumptive sentence.  If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors.  If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range.  The weight to be given each factor is left to the discretion of the trial judge.  State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In the case at bar, the defendant was convicted of a Class E felony as a Range II offender, which carries a sentencing range of two to four years.  T.C.A. §40-35-112(b)(5).  In determining the defendant's sentence, the trial court found four applicable enhancement factors.  The court found that the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range.  T.C.A. § 40-35-114(1).  The court also found that the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement.  T.C.A. § 40-35-114(7).  The court found that the felony was committed while the defendant was on parole for a prior felony conviction.  T.C.A. § 40-35-114(13).  The court further found that the defendant abused a position of private trust.  T.C.A. § 40-35-114(15).  The defendant only challenges the trial court's application of the last factor.

The defendant contends that someone in the position of an employer for a short period of time is not in a position of private trust.  This issue is waived as the defendant has failed to cite any authority to support his argument.  Rules of the Court of Criminal Appeals of Tennessee 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988).

5

In the absence of waiver, the defendant's argument still fails. This Court has held that a position of private trust is violated when a defendant uses his or her supervisory position to facilitate the commission of the offense. State v. Harris, 866 S.W.2d 583, 588 (Tenn. Crim. App. 1992). The defendant in the case at issue used his position as the victim's employer to lure her into the barber shop, lock the door, and get close enough to her to commit sexual battery. Therefore, the violation of a private trust is an applicable enhancement factor in this case and the defendant's contention is without merit.

Accordingly, we affirm the defendant's conviction and sentence.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
NORMA McGEE OGLE, Judge